DANIEL A. PLATT (SBN 132665)
dplatt@loeb.com
EDWARD CAPEWELL (SBN 334580)
ecapewell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:   310.282.2000
Facsimile:    310.282.2200

Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE
COMPANY and UNITED
HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADVANCED ORTHOPEDIC CENTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC. and DOES 1-20,<br><br>Defendants. | Case No.: 21-9108<br><br>**NOTICE OF REMOVAL BY DEFENDANTS UNITEDHEALTHCARE INSURANCE COMPANY AND UNITED HEALTHCARE SERVICES, INC. PURSUANT TO 28 U.S.C. § 1441(A) AND 28 U.S.C. § 1441(B)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants UnitedHealthcare Insurance Company ("UHIC") and United HealthCare Services, Inc. ("UH Services"), (together "UHC"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove to the United States District Court for the Central District of California the state court action described below.

In accordance with the requirements of 28 U.S.C. § 1446(a), the following is a "short and plain statement of the grounds for removal".

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

DEFENDANTS' NOTICE OF REMOVAL -
FEDERAL QUESTION & DIVERSITY

## I. THE STATE COURT ACTION

1. On or about May 5, 2021, Plaintiff Advanced Orthopedic Center, Inc. ("AOC") filed a Summons and Complaint in the Superior Court of California, County of Los Angeles, styled *Advanced Orthopedic Center, Inc. v. UnitedHealthcare Insurance Company, United Healthcare Services, Inc., and Does 1-20*, Case No. 21SMCV00928 (the "State Court Action"). The Complaint contained causes of action for (1) quantum meruit, and (2) breach of implied contract. A copy of the summons and Complaint, together with associated state court documents, is attached to this Notice as **Exhibit 1**.

2. The Summons and Complaint were served on Defendants UHC on November 5, 2021. This Notice of Removal is therefore timely filed within the 30 day period prescribed in 28 U.S.C. § 1446(b).

## II. BASIS FOR REMOVAL

3. This civil action is removable pursuant to:

   a. 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Court therefore has jurisdiction under 28 U.S.C. § 1332, and

   b. 28 U.S.C. § 1441(a), in that it is a civil action in respect of which this Court has original jurisdiction because the state law claims asserted are completely pre-empted by federal law pursuant to ERISA § 502(a) (29 U.S.C. § 1132(a)).

### A. REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)

#### 1. There is Complete Diversity of Citizenship between Plaintiff and Defendants.

4. Pursuant to 28 U.S.C. § 1332(c)(1) "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." In the present case:

   a. AOC is a California corporation, with a principal place of business in Los Angeles, California. *See*, Complaint ¶ 1;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

2

DEFENDANTS' NOTICE OF REMOVAL - FEDERAL QUESTION & DIVERSITY

   b. Defendant UHIC is a Connecticut corporation, with its principal place of business in Hartford, Connecticut;

   c. Defendant UH Services is a Minnesota corporation, with its principal place of business in Minnetonka, Minnesota.

5. This action therefore meets the requirement in 28 U.S.C. § 1332 of complete diversity.

  **2. The Citizenship of DOES 1-20 is Irrelevant to the Diversity Analysis.**

6. Pursuant to 28 U.S.C. § 1441(b)(1), in assessing whether diversity of citizenship exists "the citizenship of defendants sued under fictitious names shall be disregarded." DOES 1-20, about whom no information is given in the Complaint, should therefore be disregarded for the purposes of the diversity analysis.

  **3. The Amount in Controversy Exceeds $75,000.**

7. Plaintiff has alleged and seeks damages of $80,319.73 plus interest and costs of suit. *See*, the Prayer and Exhibit 1 to the Complaint.

8. This action therefore meets the requirement in 28 U.S.C. § 1332(a) that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**B. REMOVAL PURSUANT TO 28 U.S.C. § 1441(a)**

  **1. Pre-emption Under ERISA § 502(a) Creates Removal Jurisdiction.**

9. ERISA § 502(a) creates a self-contained and exclusive civil enforcement scheme for claims falling within its terms. State law claims which are covered by ERISA § 502(a) are completely pre-empted and federal removal jurisdiction is thereby created. *Metropolitan Life Ins. Co. v. Taylor* 481 U.S. 58, 66 (1987).

  **2. ERISA § 502(a) Pre-Empts Claims for Benefits Due Under an ERISA Plan.**

10. ERISA § 502(a)(1)(B) provides that a claim may be brought by a participant in or beneficiary of an ERISA plan "to recover benefits due to him under the terms of his

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

3

DEFENDANTS' NOTICE OF REMOVAL -
FEDERAL QUESTION & DIVERSITY

plan, [or] to enforce his rights under the terms of the plan..." Where a plaintiff could have brought a claim pursuant to this provision, and pleads a claim which implicates no other independent legal duty owed to him by a defendant, his claim will be completely pre-empted under ERISA 502(a). *Aetna Health Inc. v Davila* 542 U.S. 200, 210 (2004).

11. A plaintiff cannot disguise the true nature of his claim by 'artful pleading'. If the claim falls within ERISA § 502(a) it will be pre-empted, no matter how it is pleaded.

### 3. Plaintiff's Claims Here Could Have Been Brought Under ERISA § 502(a)(1)(B).

12. The claims in the Complaint could have been brought under ERISA § 502(a)(1)(B) because they are really claims to recover benefits under an ERISA-governed plan which Plaintiff could have brought as assignee of a plan participant or beneficiary. More specifically:

    a. Plaintiff's claim is for reimbursement in respect of emergency medical care provided to a number of individuals who were "otherwise covered for health, hospitalization and/or pharmaceutical expenses under one or more policies or certificates of insurance issued and underwritten" by UHC. Complaint, ¶¶ 9 & 11;

    b. Plaintiff submitted claims for payment to UHC (Complaint ¶¶ 5, 19 and 21) and received 'Explanation of Benefit statements' from UHC (Complaint ¶¶ 39-40). Explanation of Benefit statements are issued *pursuant to the terms of an individual patient's ERISA-governed plan*;

    c. The Complaint also alleges that "In many instances, [UHC] have failed and refused to pay any monies, **benefits, insurance proceeds**, to AOC in connection with [the services rendered]" (emphasis added). Complaint, ¶ 24;

    d. It is clear, therefore, that Plaintiff sought, and continues to seek, the payment of benefits under each patient's ERISA-governed plan. Such a claim falls squarely within the terms of ERISA § 502(a)(1)(B);

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

4

DEFENDANTS' NOTICE OF REMOVAL -
FEDERAL QUESTION & DIVERSITY

e. Although Plaintiff pleads that its claims are not derivative of the contractual rights of the identified patients (Complaint ¶ 10), that is simply an attempt to avoid the application of ERISA 502(a) by artful pleading.

### 4. Plaintiff's Claims Implicate No Independent Legal Duty Owed by UHC

13. The Complaint seeks to disguise the true nature of the claim – which is for benefits due under an ERISA plan – as arising out of UHC's duty to pay Plaintiff either at "a quantum meruit rate" (Complaint ¶ 47) or pursuant to an implied contract to "pay usual, customary and reasonable rates" (Complaint ¶ 54). Neither of these is, on analysis, an independent legal duty. They are simply alternative ways of stating the central claim, which is for payment at the rate prescribed under the individual patient's ERISA-governed plan.

14. The claims in the Complaint are therefore completely pre-empted by ERISA § 502(a) and may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### C. THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

15. Venue is proper in this federal judicial district and division. See 28 U.S.C. §§ 84(c)(2), 1441(a). This action was originally filed in Los Angeles Superior Court. The United States District Court for the Central District of California, Western Division, is the federal judicial district and division in which the Los Angeles Superior Court sits.

16. A copy of this Notice of Removal is being served upon Plaintiff's counsel and filed with the Clerk of the above-referenced state court pursuant to 28 U.S.C. § 1446(d).

Based upon the foregoing, removal of the State Court Action to this Court is proper.

Respectfully submitted,

Dated:   November 18, 2021          LOEB & LOEB LLP
                                    DANIEL A. PLATT
                                    EDWARD CAPEWELL

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

5

DEFENDANTS' NOTICE OF REMOVAL -
FEDERAL QUESTION & DIVERSITY

By: */s/ Daniel A. Platt*
Daniel A. Platt
Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE
COMPANY and UNITED HEALTHCARE
SERVICES, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

6

DEFENDANTS' NOTICE OF REMOVAL -
FEDERAL QUESTION & DIVERSITY

# CERTIFICATE OF SERVICE

I, Patti Lavine, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On November 19, 2021, I caused to be served a true copy of the foregoing **NOTICE OF REMOVAL BY DEFENDANTS UNITEDHEALTHCARE INSURANCE COMPANY AND UNITED HEALTHCARE SERVICES, INC. PURSUANT TO 28 U.S.C. § 1441(A) AND 28 U.S.C. § 1441(B)** on the parties in this cause as follows:

☑ (*VIA EMAIL*) I caused the transmission of the above-named document to the email address set forth below.

☑ (*VIA U.S. MAIL*) by sending the above named document addressed as set forth below for collection and mailing with the United States Postal Service in accordance with Loeb & Loeb LLP's ordinary business practices.

| | |
|---|---|
| Alan Nesbit, Esq.<br>NESBIT LAW GROUP<br>8383 Wilshire Blvd., Suite 800<br>Beverly Hills, CA 9211<br>Telephone: 323-456-8605<br>Facsimile: 323-456-8601<br>Email: anesbit@nesbitlawgroup.com | Attorney for plaintiff Advanced Orthopedic Center, Inc. |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

7

DEFENDANTS' NOTICE OF REMOVAL - FEDERAL QUESTION & DIVERSITY

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 19, 2021, at Los Angeles, California.

                                      */s/ Patti Lavine*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21486125.1
235817-10004

8

DEFENDANTS' NOTICE OF REMOVAL -
FEDERAL QUESTION & DIVERSITY